941 A.2d 598

IN THE MATTER OF NEAL SHARMA, AN ATTORNEY
AT LAW (ATTORNEY NO. 001641992).

February 28, 2008.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 07–204 and DRB 07–218, concluding that **NEAL SHARMA** of **EWING,** who was admitted to the bar. of this State in 1992, should be suspended from the practice of law for a period of three months for violating *RPC* 1.3 (lack of diligence), *RPC* 1.4(b) (failure to keep a client reasonably informed about the status of a matter and to promptly comply with reasonable requests for information), *RPC* 1.4(c) (failure to explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), *RPC* 5.5(a) (practicing law while ineligible), and *Rule* 1:21–1(a) (failure to maintain a bona fide office);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to return the $785 retainer in the *Buttich* matter;

And good cause appearing;

It is ORDERED that **NEAL SHARMA** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall submit proof to the Office of Attorney Ethics that he has refunded the retainer in the *Buttich* matter; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of

*Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.